# OVED & OVED LLP
ATTORNEYS AND COUNSELORS AT LAW
101 AVENUE OF THE AMERICAS
15TH FLOOR
NEW YORK NY 10013-1991
WWW.OVEDLAW.COM

TELEPHONE 212 226 2376                                           FACSIMILE 212 226 7555

May 13, 2011

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
United States District Court
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11210

>   Re:   *Secor Homes et al. v. Shlomo Gutman et al.*,
>         **Case No.: 11 CIV 2308 (BMC)(RML) (the "Action")**

Dear Judge Cogan:

   This law firm represents Oved & Oved LLP (the "Firm") and Darren Oved, Esq. in the above-referenced suit. We write in response to Paul Savad, Esq.'s letter to the Court of May 13, 2011 and to respectfully renew our prior request made to United States District Judge Cathy Seibel seeking the Court's permission to move to dismiss the First Amended Complaint (the "Complaint") with prejudice, in accordance with Fed. R. Civ. P. 12(b)(6) and for sanctions pursuant Fed. R. Civ. P. 11, 28 U.S.C. § 1927, as well as the Court's inherent authority to sanction a party and its lawyers for abusing the judicial process and misusing a judicial forum for improper purposes. As set forth in detail in our letter of April 28, 2011 to Judge Seibel (Docket No. 54), the Complaint is wholly motivated by Zalman and Dina Klein's desire for retribution against the Firm and Mr. Oved for their effective representation of Mr. Aryeh Gutman and entities affiliated with him during the course of an 8-year litigation before this Court. The Complaint is frivolous, ignoring well-settled principles of the Racketeering and Corrupt Organizations Act ("RICO") that preclude a Court from holding attorneys liable under RICO for acts performed on behalf of clients in the ordinary course of litigation. In fact, Judge Seibel herself explicitly stated on the record during the May 4, 2011 conference that the Action does not even come close to stating a RICO claim against the attorney defendants.

   In his May 13, 2011 letter to the Court requesting a conference, Mr. Savad conveniently fails to disclose to the Court that by letter dated May 9, 2011, copied to the attorney defendants, the Firm provided Messrs. Savad and Churgin with the opportunity to withdraw the claims <u>with prejudice</u> as against the Firm and Mr. Oved prior to our moving to dismiss this Action and for sanctions. A copy of this letter is attached hereto as **Exhibit A**. On the afternoon of May 10, 2011, in response to our May 9, 2011 letter, Mr. Savad wrote a letter seeking consent from all of the attorney defendants to "amend the Complaint in this Action to delete [them] as defendants, <u>without prejudice</u> to seeking leave to include them as defendants at a later date if appropriate."

Hon. Brian M. Cogan
May 13, 2011
Page 2 of 2

(Emphasis added). Immediately prior to sending the May 10, 2011 letter, Mr. Churgin called our office and spoke with me by telephone. During that telephone discussion Mr. Churgin stated that in "deleting" Mr. Oved and the Firm as defendants, the allegations of racketeering, conspiracy, and fraud against Mr. Oved, this Firm and the other attorney defendants whom Savad Churgin proposed to "delete" would remain in the Complaint, but that Savad Churgin would not pursue such claims at this time.

In response to Mr. Savad's letter of May 10, 2011, on May 12, 2011, I wrote to Messrs. Savad and Churgin, copying all counsel, reiterating the contents of our May 9, 2011 letter, and reminded them of their ethical obligation to withdraw the claims against the Firm and Mr. Oved with prejudice, and that if they did not do so by the time specified in our May 9, 2011 letter, we would move to dismiss the Action with prejudice and seek sanctions for the continuing damage that the frivolous allegations in the Action were causing the collective reputations of the Firm and Mr. Oved. A copy of our May 12, 2011 letter is attached hereto as **Exhibit B**. In reviewing the facsimile transmission cover sheets to all counsel in order to respond to Mr. Savad's claim that he did not receive a response to his May 10, 2011 letter, we noted that Mr. Savad's fax number had indeed been incorrectly transcribed, and thus, he in fact, did not receive it. The foregoing notwithstanding, Mr. Savad was already fully aware of our position, as it is clearly set forth in our letter of May 9, 2011, which sought dismissal of the Action with prejudice as against Mr. Oved and the Firm. Thus, Mr. Savad's May 10, 2011 letter seeking to dismiss the action without prejudice was both non conforming and non responsive to our request thus making his May 10, 2011 letter moot even prior to its being sent.

As set forth in the April 28, 2011 letter to Judge Seibel and our May 9, 2011 and May 12, 2011 letters to Messrs. Savad and Churgin, the frivolous allegations against the Firm and Mr. Oved were filed in bad faith for the improper purpose of damaging the Firm and Mr. Oved and seeking to deprive Mr. Gutman of the counsel of his choosing, counsel which he has had for many years and counsel that is intimately involved in this matter thereby causing further damages to Mr. Gutman, the Firm, and Mr. Oved. Accordingly, for the reasons set forth herein, the exhibits annexed hereto and the arguments contained in the April 28, 2011 letter to Judge Seibel (Docket No. 54) and the April 19, 2011 submission of the other attorney defendants to Judge Seibel (Docket No. 45), it is respectfully requested that the Court schedule a pre-motion conference to dismiss the Complaint with prejudice and for sanctions against Plaintiffs, Savad Churgin LLP, Paul Savad, Esq., and Joseph A. Churgin, Esq.

Respectfully submitted,

Edward C. Wipper

Attachments
cc: *All Counsel via ECF*